[Dkt. No. 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAYMOND HERRON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK S. GURALNICK and NEW JERSEY TRANSIT,<br><br>    Defendants. | Civil No. 19-17699 (RMB/MKW)<br><br>**OPINION** |

**APPEREANCES:**

RAYMOND HERRON
409 Hoffman Avenue, Apartment 205
Trenton, New Jersey 08618
    Plaintiff, Pro Se

MARK S. GURALNICK, P.C.
By: Mark S. Guralnick, Esq.
923 Haddonfield Road, Suite 300
Cherry Hill, New Jersey 08002
    Attorney for Defendant Mark S. Guralnick

HOHN & SCHEUERLE, LLC
By: John A. Thiry, Esq.; Joseph J. McAlee, Esq.
1700 Market Street, Suite 3242
Philadelphia, Pennsylvania 19103
    Attorneys for Defendant New Jersey Transit

**RENÉE MARIE BUMB**, United States District Judge:

   This matter comes before the Court upon Defendant Mark S. Guralnick's Motion to Dismiss [Dkt. No. 9], which seeks dismissal of pro se Plaintiff Raymond Herron's Complaint [Dkt. No. 1] based on, among other grounds, a lack of subject matter jurisdiction and the expiration of the statute of limitations. For the

reasons set forth herein, Defendant Guralnick's Motion to Dismiss will **GRANTED** and Plaintiff's pro se Complaint will be **DISMISSED WITH PREJUDICE.**

I. **FACTUAL BACKGROUND**

Pro se Plaintiff Raymond Herron commenced this case on September 6, 2019, alleging claims for "Lawyer breach of contract and train accident" against Defendants Mark S. Guralnick and New Jersey Transit.  Plaintiff's claims appear to stem from an accident in which Plaintiff was struck and seriously injured by a River Line train in Burlington, New Jersey on September 5, 2008.

In 2010, Plaintiff retained the law offices of Mark S. Guralnick to represent him in a personal injury action against New Jersey Transit Corporation and the City of Burlington. See Raymond Herron v. New Jersey Transit Corp., et al., Case No. BUR-L-3003-10.  However, according to Defendant Guralnick, the case was submitted to a state arbitration panel which, in 2012, ultimately concluded that Plaintiff was 100% liable for his own injuries based on video evidence that showed Plaintiff listening to music on his headphones while walking on the rail tracks. Following the adverse finding by the state arbitration panel, Defendant Guralnick's law firm ceased its representation of Plaintiff.

2

Almost seven years after the adverse arbitration decision, Plaintiff commenced this action pro se, against his former attorney, as well as New Jersey Transit, seeking damages.  Now Defendant Guralnick moves to dismiss the pro se Complaint due to (1) a lack of subject matter jurisdiction; (2) failure to state a claim and the expiration of the statute of limitations; (3) insufficiency of service; (4) failure to join an indispensable party; and (5) the doctrine of collateral estoppel.  As of the date of this opinion, pro se Plaintiff has not responded to Defendant Guralnick's motion to dismiss.

**II.   STANDARD OF REVIEW**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

When reviewing a plaintiff's complaint on a motion to dismiss, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

In considering a motion to dismiss a pro se complaint, a court must bear in mind that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. See Dickerson v. New Jersey Inst. of Tech., 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019)(citing Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). This more liberal construction of pro se complaints does not, however, absolve a pro se plaintiff of the need to adhere to the Federal Rules of Civil Procedure. See,

4

e.g., Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015)("a pro se complaint ... must be held to 'less stringent standards than formal pleadings drafted by lawyers;' ... but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.' "); Badger v. City of Phila. Office of Prop. Assessment, 563 F. App'x 152, 154 (3d Cir. 2014)("Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief.").

### III. DISCUSSION

Upon review, it is readily apparent that Plaintiff's pro se Complaint is incurably deficient on multiple grounds.  First, this Court lacks subject matter jurisdiction over this case because Plaintiff asserts no federal claims and all parties are citizens of the State of New Jersey.  As such, this Court lacks subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1332.  Second, the statute of limitations has already elapsed for all of Plaintiff's claims.  When construed liberally, Plaintiff's Complaint attempts to assert claims for legal malpractice, breach of contract, and personal injuries.  In New Jersey, the statute of limitations for legal malpractice and contract actions is six years. Yerkes v. Weiss, 2018 WL 1558146, at *5 (D.N.J. Mar. 29, 2018)(citing N.J.S.A. 2A:14-1 and

McGrogan v. Till, 167 N.J. 414, 417 (2001)).  Additionally, New Jersey's statute of limitations for personal injury actions is two years.  See Alexis v. Sessions, 2018 WL 5077899, at *4 (D.N.J. Oct. 18, 2018)(citing N.J. Stat. Ann. § 2A:14-2). Given that Plaintiff was last represented by Defendant Guralnick in 2012 and the train accident occurred in 2008, Plaintiff, who did not file this case until September 2019, missed the statute of limitations for all of his potential claims.  Having found that Plaintiff's Complaint is incurably deficient on these grounds, the Court need not address the other arguments set forth in Defendant Guralnick's motion to dismiss.

**IV.  CONCLUSION**

Because this Court lacks subject matter jurisdiction over this case and the statute of limitations for Plaintiff's claims had already elapsed at the time the pro se Complaint was filed, this matter must be dismissed.  Accordingly, Defendant Guralnick's Motion to Dismiss will be **GRANTED** and Plaintiff's pro se Complaint will be **DISMISSED WITH PREJUDICE**.  An appropriate Order shall issue on this date.

DATED: June 30, 2020

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge